Slip Op. 02 - 82

## U.S. COURT OF INTERNATIONAL TRADE

### BEFORE:  GREGORY W. CARMAN, CHIEF JUDGE

|  |  |
|---|---|
| ACCIAI SPECIALI TERNI S.p.A., <u>et al.</u>,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>ALLEGHENY LUDLUM CORP., <u>et al.</u>,<br><br>Defendant-Intervenors. | Court No. 01-00051 |

[In consideration of *Results of Redetermination on Remand Pursuant to Acciai Speciali Terni S.p.A. et al., v. United States*, Slip. Op. 02-51 (Ct. Int'l Trade June 4, 2002) (*Remand Redetermination*), Plaintiffs' Comments on Department of Commerce Remand Redetermination, Defendant-Intervenors' Response to Plaintiffs' Comments on Department of Commerce Remand Redetermination, Plaintiffs' Motion for Reconsideration of the Court's Opinion and Remand Order of June 4, 2002, Defendant's Response in Opposition to Plaintiffs' Motion for Reconsideration, and Defendant-Intervenors' Response in Opposition to Plaintiffs' Motion for Reconsideration, the *Remand Redetermination* is sustained in its entirety.  Plaintiffs' motion for reconsideration of the Court's opinion and remand order of June 4, 2002 is denied.]

*Hogan & Hartson L.L.P.* (*Lewis E. Leibowitz*, *Lynn G. Kamarck*, *H. Deen Kaplan*) for Plaintiff.

*Robert D. McCallum, Jr.*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Lucius B. Lau*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice;

*Brent M. McBurney*, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, *Michele D. Lynch*, Attorney, Office of the Chief Counsel for Import Administration, United States Department of Commerce, Of Counsel, for Defendant.

*Collier Shannon Scott, PLLC* (*Eric R. McClafferty*, *Michael J. Coursey*, *Kathleen W. Cannon*, *David A. Hartquist*) for Defendant-Intervenors.

*Dewey Ballantine L.L.P.* (*John A. Ragosta*, *John R. Magnus, Hui Yu*) for *Amici Curiae*.

Dated: August 6, 2002

OPINION

CARMAN, CHIEF JUDGE:   In *Acciai Speciali Terni, S.p.A. v. United States*, No. 01-00051, 2002 WL 1225536 (Ct. Int'l Trade June 4, 2002), this Court remanded *Grain-Oriented Electrical Steel From Italy; Final Results of Countervailing Duty Administrative Review*, 66 Fed. Reg. 2,885 (Jan. 12, 2001) (*Final Results*) to the Department of Commerce ("Commerce" or "the Department") to explain whether the Department had determined that the private holding company KAI, in a capacity as a separate purchaser, became legally responsible for all Acciai Speciali Terni, S.p.A.'s ("AST") assets and liabilities upon purchasing AST.  Alternatively, Commerce was to explain whether AST, after its sale to KAI ("Post-Sale AST"), continued to have responsibility for the assets and liabilities attributed to AST before the sale ("Pre-Sale AST").

On June 24, 2002, Commerce filed with this Court *Results of Redetermination on Remand Pursuant to Acciai Speciali Terni S.p.A., et al., v. United States*, Slip. Op. 02-51 (Ct. Int'l Trade, June 4, 2002) (*Remand Redetermination*).  In the *Remand Redetermination*, Commerce states that upon review of the administrative record, Commerce determined that Post-Sale AST "continued to have responsibility for all of pre-sale AST's assets and liabilities."

*Remand Redetermination* at 1.  In support of this determination, Commerce first notes "there is nothing in the record to suggest that, as a result of the privatization, AST relinquished its direct, legal ownership and control over any of its assets.  Likewise, there is nothing in the record to suggest that, as a result of privatization, AST relinquished responsibility for any of the debt obligations of pre-sale AST."  *Id*. at 3.

Commerce next points to two pieces of affirmative record evidence that support its "conclusion that there was complete continuity of financial position between pre- and post-sale AST ": first, a comparison of AST's financial statements as of December 31, 1993 with AST's financial statements as of December 31, 1994; and second, the text of the Purchase Agreement, signed by KAI, making clear that AST sold shares to KAI but nowhere suggesting AST transferred assets or liabilities to KAI.  *Id*. at 3-4.

Finally, Commerce remarks its finding is consistent with the primary reason many companies incorporate–to shield owners of company shares (here KAI) from liability for the company (AST).  *Id*. at 4-5.  In response to AST's assertion that, according to the Italian Civil Code, a 100 percent sole shareholder is fully and solely responsible for a company's assets and liabilities, Commerce states it has found no record evidence to support this assertion and that even if KAI assumed some residual or contingent responsibility for AST's debts, privatized AST could continue to be found to have full and direct responsibility for its debts.  *Id*. at 5.

This Court will sustain the *Remand Determination* unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  This Court finds substantial evidence supports Commerce's determination that continuity of assets and liabilities remained between Pre- and Post-Sale AST.  Substantial

evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (internal quotations omitted). Here, the record provides two pieces of relevant evidence that a reasonable mind might accept as adequate to support the conclusion that Post-Sale AST remained fully responsible for its pre-sale assets and liabilities: (1) the comparison between AST's 1993 and 1994 financial statements; and (2) the Purchase Agreement's clear wording that KAI was purchasing shares and its lack of any reference to a transfer of assets or liabilities.

Plaintiffs point to the Government of Italy's statement that "KAI assumed the whole of AST indebtedness" to contradict Commerce's claim that nothing in the record suggests that the privatization resulted in AST relinquishing responsibility for any of the debt obligations of pre-sale AST. (Pls.' Cmts. at 4-5 (*citing Final Results of Redetermination Pursuant to Court Remand, Acciai Speciali Terni S.p.A. v. United States*, Court No. 99-06-00364 (August 14, 2000); *Issues and Decision Memorandum: Final Results of Countervailing Duty Administrative Review: Grain-Oriented Electrical Steel from Italy* from Holly A. Kuga to Troy H. Cribb (*Decision Memorandum*) adopted into *Final Results*, 66 Fed. Reg. 2,885 (Jan. 12, 2001)). "[T]he possibility of drawing two inconsistent conclusions from the evidence," however, "does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted). Plaintiffs had every opportunity during the underlying proceedings to object to the same language that led this Court to remand the issue of continuity of assets and liabilities to Commerce.

This Court is satisfied that substantial evidence on the record supports Commerce's

determination that Post-Sale AST continued to have responsibility for all of Pre-Sale AST's

assets and liabilities. Therefore, this Court finds substantial evidence on the record supports the

Department's determination that Pre- and Post-Sale AST are the same entity and sustains the

*Remand Redetermination* in its entirety. Plaintiffs' motion for reconsideration of the Court's

opinion and remand order of June 4, 2002 is denied.

_____
Gregory W. Carman, Chief Judge

August 6, 2002
New York, New York